FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 8 2008

JAMES N. HATTEN, CLERK
By:                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY VALLUZZO, Individually and as Representative of the Class | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action File No. **1 08-CV-1259** |
| v. | ) ) ) | **-RLV** |
| THE COCA-COLA COMPANY d/b/a THE COCA-COLA FAMILY FEDERAL CREDIT UNION and CREDIT UNION 24, INC. | ) ) ) ) ) | |

---

## COMPLAINT -- CLASS ACTION

---

The Class Action Complaint of Plaintiff, TIMOTHY VALLUZZO, a major resident domiciled in the State of South Carolina, in and on behalf of all others similarly situated, respectfully represents the following:

### INTRODUCTION

1.

Plaintiff Timothy Valluzzo brings this action, individually and on behalf of all others similarly situated, against Defendants The Coca-Cola

Company d/b/a The Coca-Cola Company Family Federal Credit Union ("Coca-Cola") and Credit Union 24, Inc. ("CU 24") (collectively referred to as "Defendants"), alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfers Act and 12 C.F.R. 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2.

The EFTA prohibits "fees not properly disclosed and explicitly assumed by [the] consumer." 15 U.S.C. § 1693b(d)(3)(c).

3.

The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to and as a necessary precursor to the imposition of a fee for using an ATM.

4.

The EFTA specifically requires that the ATM machine provide a notice to the user which specifies that a fee will be charged and collected as part of the user's transaction (if such charge will in fact be charged and collected). Such notice must be physically posted in a prominent and conspicuous location on the outside of the ATM *and* must appear on the screen.

5.

At its World of Coca-Cola museum in Atlanta, Georgia, the Coca-Cola Company operates an ATM machine which is, upon information belief, managed and maintained by The Coca-Cola Family Federal Credit Union and Credit Union 24, Inc. However, the ATM does not have a notice required by EFTA physically posted on the outside of the machine in conspicuous or prominent place. As a result, Defendants have violated the EFTA and are liable for damages as provided in the Act.

6.

This case is brought under the EFTA based upon the fact that Defendants imposed a fee without posting a physical notice on the ATM machine as required under the Act.

## JURISDICTION AND VENUE

7.

This Court has Federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 because this action arises under the Electronic Fund Transfers Act, IS U.S.C. § 1693 *et seq.*

8.

Venue in this District is proper pursuant to 15 U.S.C. § 1681p because the Defendant does business in this District and because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## DESCRIPTION OF THE PARTIES

### 9.

Plaintiff party is:

Timothy Valluzzo, a major resident domiciled in the State of South Carolina, who used one of Defendants' ATMs located at the World of Coca-Cola museum within the past year and was charged an ATM surcharge fee.

### 10.

Defendant parties are:

THE COCA-COLA COMPANY d/b/a THE COCA-COLA COMPANY FAMILY FEDERAL CREDIT UNION, a Georgia corporation whose principal place of business is One Coca-Cola Plaza N.W., Atlanta, Georgia 30313.   Coca-Cola is one of the largest beverage bottling companies in the world.  The Coca-Cola Family Federal Credit Union is, upon information and belief, a wholly owned subsidiary of The Coca-Cola Company and serves over 45 employee groups with the Coca-Cola Company.  It also maintains, manages and/or operates an ATM machine

at the World of Coca-Cola museum located at 121 Baker Street, Atlanta, Georgia 30303; and

CREDIT UNION 24, INC., a Florida corporation with its principal place of business at 2252 Killearn Center Boulevard, Suite 300, Tallahassee, Florida 32309.  CU 24 is a member-owned electronic funds transfer (EFT) network that operates and manages ATM machines nationwide.  Upon information and belief, CU 24 partners with credit unions across the country to provide ATM services to their members.  In this instance, upon information and belief, CU 24 partnered and/or contracted with Coca Cola to operate and manage an ATM machine located at the World of Coca-Cola museum located at 121 Baker Street, Atlanta, Georgia 30303.  CU ATM owns/manages/operates over 100,000 ATMs across the country.

## ELECTRONIC FUNDS TRANSFER ACT

### 11.

"Electronic funds transfer" is defined in Regulation E to mean "any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or

authorizing a financial institution to debit or credit a consumers' account."
12 C.F.R. § 205.3(b). It specifically includes "automated teller machine
transfers." 12 C.F.R. § 205.3(b)(ii).

12.

Defendants are automated teller machine operators, as that term is
defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine
operator means any person that operates an automated teller machine at
which a consumer initiates an electronic fund transfer or a balance inquiry
and that does not hold the account to or from which the transfer is made,
or about which an inquiry is made."

13.

15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R.
§ 205.16(e), provide that an ATM operator is prohibited from imposing a
fee in connection with any electronic fund transfer initiated by a consumer
for which a notice is required *unless* the consumer is provided the notices
required pursuant to 12 C.F.R. § 205.16(c).

14.

Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C)    Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless - (i) the consumer receives such notice in accordance with subparagraph (B).

15.

12 C.F.R. § 205.16(e) provides that:

(e)    *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1)    The consumer is provided the notices required under paragraph (c) of this section, and

(2)    The consumer elects to continue the transaction or inquiry after receiving such notices.

16.

15 U.S.C. § 1693b(d)(3)(A), and its implementing regulation, 12 C.F.R. § 205.16(b), describe the notice an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a

balance inquiry) must provide in order to be permitted to charge an ATM fee.

17.

12 C.F.R. § 205.16(b) states:

*General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic find transfer or a balance inquiry shall:

(1)    Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2)    Disclose the amount of the fee.

18.

12 C.F.R. § 205.16(c) states:

(c)    *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)    *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i)    A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii)   A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)   *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

19.

Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c)(1), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

20.

The notice provided to the consumer by the screen or on paper, in contrast, must state "a fee will be imposed for providing electronic fund transfer services or a balance inquiry," 12 C.F.R. § 205.16(b)(1), and also disclose the amount of the fee. 12 C.F.R.§ 205.16(b)(2).

21.

Thus, the statute and regulation require that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed. Likewise, the ATM machine itself must have a physical notice posted on it in a prominent and conspicuous location before a fee is imposed.

## DEFENDANTS' VIOLATION OF THE EFTA

22.

Defendants, both individually and as partners, are ATM operator regulated under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.2(i).

23.

Coca-Cola offers its members the opportunity, free of charge, to access the thousands of ATM machines across the country, including those owned/operated/managed by CU 24.

24.

In addition, Coca-Cola operates some ATMs, including the one located at the World of Coca-Cola museum, at which the Plaintiff's transaction occurred, that bear the name and colors of the Coca-Cola Family Federal Credit Union, which suggest that they are owned/operated/managed by Coca-Cola ("Coca-Cola ATMs"). Upon information and belief, these Coca-Cola ATMs are owned/operated/managed by CU 24 through a partnership arrangement with Coca-Cola.

25.

CU 24 owns/operates/manages over 100,000 ATMs nationwide, including the one located at the World of Coca-Cola museum (CU 24 ATMs).

26.

Each of the Coca-Cola ATMs and CU 24 ATMs permit consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

27.

Each of the Coca-Cola ATMs and CU 24 ATMs impose a fee on consumers who withdraw funds from the ATM from a bank account with a financial institution based in the United States.

28.

Upon information and belief, each Coca-Cola ATM and CU 24 ATM does not have a fee notice physically affixed to it, although they do display a notice screen before a consumer completes an ATM withdrawal of cash. The failure to physically post notices on its ATMs in a prominent and conspicuous location is a violation of the EFTA.

## PLAINTIFF'S ELECTRONIC FUNDS TRANSFER WITH DEFENDANTS

29.

Valluzzo is a consumer as defined in 12 C.F.R. § 205.2(e).

30.

On December 2, 2007, Valluzzo used a Coca-Cola ATM that was owned/operated/managed by CU 24 in Atlanta, Georgia in order to conduct an electronic funds transfer involving the withdrawal of cash.

31.

Valluzzo was not provided the required notices under 12 U.S.C. § 205.16, as a fee notice was not physically affixed to the ATM as required by 12 C.F.R. § 205.16(c)(1).

32.

Valluzzo was in fact charged $2.00 for this Electronic Funds Transfer.

## CLASS ALLEGATIONS

33.

Plaintiff brings this claim on behalf of a class, consisting of (a) all consumers; (b) who initiated an electronic funds transfer at a Coca-Cola ATM or CU 24 ATM located in the state of Georgia; (c) which did not have affixed to it a notice that a fee may be charged; (d) and were charged a fee for withdrawing cash from the Coca-Cola ATM or CU 24 ATM; and (e) on or after a date one year prior to the filing of this action.

34.

The class is sufficiently numerous to make bringing all parties before the court impractical.

35.

There are questions of law and fact common to the class that predominate over any questions affecting only individual class members, including:

(a)    Whether under 15 U.S.C. § l693b(d)(3)(A) and 12 C.F.R. § 205.16 the Defendants were, at all relevant times during the class period, an automated teller machine operator who imposed a fee on consumers for providing host transfer services to those consumers; and

(b)    Whether Defendant complied, at all relevant times during the class period, with the notice requirements of 12 C.F.R. § 205.16.

36.

Plaintiff's claims are typical of the claims of the proposed class as follows:

(a)    Plaintiff and all members of the proposed class used a Coca-Cola ATM or CU 24 ATM;

(b)    Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee; and

(c)    Defendants imposed an ATM fee on Plaintiff and each class member.

37.

Plaintiff has retained counsel able and experienced in class action litigation and has no interests antagonistic to the class.

38.

Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

39.

A class action is superior to individual suits given the relatively small actual damages suffered by plaintiff and class members.

40.

A class action is necessary to provide financial institutions with a necessary incentive to comply with the Electronic Funds Transfer Act.

## COUNT I

### VIOLATION OF 15 U.S.C. § 1693 et *seq.* AND 12 C.F.R. 205 et *seq.*

41.

Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

42.

Defendants failed to provide notices to the Plaintiff and class as required by 12 C.F.R. § 205.16, yet imposed a fee in violation of 15 U.S.C. § 1693.

43.

15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer.

44.

Coca-Cola and CU 24 imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

## DAMAGES AND REQUESTED REMEDY

45.

Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

46.

Pursuant to 15 U.S.C. § 1693m, civil liability is imposed against any person that violates the provisions of the EFTA.

47.

Any person who violates the EFTA shall be liable, in the case of a class action, for such amount as the Court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant.  15 U.S.C. § 1693m.

48.

In addition, a consumer may recover costs of the litigation and reasonable attorneys' fees.  15 U.S.C. § 1693(a)(3).

49.

For its violations of the EFTA, Defendants are jointly and severally liable to Plaintiff and the members of the class for statutory damages, costs, and reasonable attorney's fees.

46.

Pursuant to 15 U.S.C. § 1693m, civil liability is imposed against any person that violates the provisions of the EFTA.

47.

Any person who violates the EFTA shall be liable, in the case of a class action, for such amount as the Court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant.  15 U.S.C. § 1693m.

48.

In addition, a consumer may recover costs of the litigation and reasonable attorneys' fees.  15 U.S.C. § 1693(a)(3).

49.

For its violations of the EFTA, Defendants are jointly and severally liable to Plaintiff and the members of the class for statutory damages, costs, and reasonable attorney's fees.

18

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and as representatives of all other persons similarly situated, pray for judgment against the Defendants, as follows:

1. An Order certifying the Class under the appropriate provisions of F.R.C.P. Rule 23, and appointing the Plaintiff and his counsel to represent the class;

2. For damages as alleged herein;

3. For pre-judgment interest from the date of filing this suit;

4. For reasonable attorney's fees;

5. For all costs of this proceeding; and

6. For all general, special, and equitable relief to which the Plaintiff and the members of the class are entitled by law.

19

Respectfully submitted this _26th_ day of March, 2008.

BY: _____
Sam G. Nicholson
Georgia Bar No. 543875
Harry D. Revell
Georgia Bar No. 601331
NICHOLSON REVELL, LLP
Gateway Professional Center
4137 Columbia Road
Augusta, Georgia 30907
Telephone: (706) 702-8784
Facsimile: (706) 702-6495
Email: sam@nicholsonrevell.com